IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KYMBERLIE K. FOX                                                    PLAINTIFF


        v.                          CIVIL NO. 11-5210


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                     DEFENDANT


<u>**MEMORANDUM OPINION**</u>

        Plaintiff, Kymberlie K. Fox, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for supplemental security income (SSI) benefits under the

provisions of Title XVI of the Social Security Act (Act).[1]  In this judicial review, the Court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  <u>See</u> 42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff protectively filed her current application for SSI on October 14, 2008, alleging

an inability to work since October 10, 2008, due to a bipolar disorder, depression, and anger

problems.  (Tr. 174,198).  An administrative hearing was held on July 29, 2010, at which

Plaintiff appeared with counsel and testified.  (Tr. 40-85).

        By written decision dated November 16, 2010, the ALJ found that during the relevant

_____

[1]The Court notes Plaintiff also filed an application for disability insurance benefits (DIB) pursuant to Title II of
the Social Security Act; however it does not appear that Plaintiff pursued this application.  (Tr. 187).
Furthermore, neither party addressed the ALJ's failure to note this DIB application.

time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).  Specifically, the ALJ found Plaintiff had the following severe impairments: a personality disorder, and a mood disorder.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform work at all exertional limitations, but has the following nonexertional limitations: the claimant can understand, remember, and carry out simple, routine, and repetitive tasks.  The claimant can respond appropriately to supervisors and usual work situations, but can have occasional contact with co-workers and no contact with the general public.  The claimant can perform low stress work (defined as occasional decision-making and occasional changes in work place settings).

(Tr. 15).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a hospital cleaner, a dishwasher, and a machine tender.  (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence, denied that request on June 30, 2011.  (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 4).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 5,6).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

-2-

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given her age, education, and experience.  See 20 C.F.R. § 416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42

(8th Cir. 1982); 20 C.F.R. § 416.920.

## III.    Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled

because (1) the ALJ erred in failing to consider all of the claimant's impairments in combination;

and (2) the ALJ erred in finding that the claimant retained the residual functional capacity to

perform work at all exertional levels.  Defendant argues substantial evidence supports the ALJ's

determination.

### A.    Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments

in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's

impairments, including impairments that are not severe." (Tr. 13).  The ALJ further found that

the Plaintiff did not have an impairment or combination of impairments that met or medically

equaled one of the listed impairments. (Tr. 14).  Such language demonstrates the ALJ considered

the combined effect of Plaintiff's impairments.  Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

-4-

**B.      The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

**C.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional

-5-

restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors, and the Court finds there is substantial evidence to support the ALJ's credibility findings.

### D.       Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a hospital cleaner, a dishwasher, and a machine tender.   Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

AO72A
(Rev. 8/82)

should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 26th day of July, 2012.

/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)